# EXHIBIT A

State of New York - Department of State
Division of Corporations

63358 336
DSNS

Party Served:
NORTHLAND GROUP, INC.

Plaintiff/Petitioner:
MOISSEENKOVA, TATIANA

62636652 (c.r.)
63356419
DSNS

NORTHLAND GROUP, INC.
7831 GLENROY RD
STE 250
EDINA, MN 55439

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 08/19/2016 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations



RECEIVED
AUG 29 2016
BY:

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

---

Tatiana Moisseenkova

                              Plaintiff,

-against-

Northland Group, Inc.

                              Defendant.

---

Index No: 013699

**SUMMONS**

Plaintiff's Residence Address:
717 Dunne Court, Floor 1
Brooklyn, NY 11235

Defendant's Residence Address:
Northland Group, Inc.
7831 Glenroy Road, Suite 250,
Edina, MN, 55439

The basis of the venue designated is:
Plaintiff resides in Kings County

To the above named defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon failure to answer, judgment will be taken against you for the sum of $15,000.00 with interest thereon from the 12th day of August, 2016.

Dated: August 12, 2016

**FILED**
**CLERKS OFFICE**
**AUG 17 2016**
**CIVIL COURT**
**KINGS COUNTY**

Daniel Kohn, Esq.
*Attorneys for Plaintiff Tatiana Moisseenkova*
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 107
Fax: (201) 282-6501

NOTE: The law provides that:
(a) If this Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) if this Summons is served by delivery to any other person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| Tatiana Moisseenkova<br><br>                       Plaintiff,<br><br>-v.-<br>Northland Group, Inc.<br><br>                       Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Tatiana Moisseenkova ("Plaintiff" or "Moisseenkova") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Northland Group, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Kings, residing at 717 Dunne Court, Floor 1, Brooklyn, NY 11235.

3. Defendant is a debt collector with an address at 7831 Glenroy Road, Suite 250, Edina, MN, 55439.

4. Northland Group, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant under N.Y. CVP. Law 301(a), because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around January 22, 2016 the Plaintiff received a collection letter from the Defendant.

11. The letter stated "Citibank, NA will report forgiveness of debt as required by IRS regulations."

12. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

13. This letter does not indicate how much of the current debt is interest and how much is principal.

14. The letter fails to disclose to consumers that there is a distinction between principal and interest in regards to IRS requirements.

15. Even the most sophisticated tax professional cannot issue an opinion without this information and it only acts to overshadow the settlement offer.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tatiana Moisseenkova demands judgment from the Defendant Northland Group, Inc., as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
August 12, 2016

/s/ Daniel Kohn
RC Law Group, PLLC
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 107
Fax: (201) 282-6501

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

Index No._____

TATIANA MOISSEENKOVA

Plaintiff

-against-

NORTHLAND GROUP, INC.

Defendant

## SUMMONS & COMPLAINT

### Revaz Chachanashvili Law Group, PLLC

*Attorneys for Plaintiff*
*Office Information*:
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: August 12, 2016      Signature: _____
                                        Daniel Kohn

### AFFIRMATION

Daniel Kohn, an attorney being admitted to practice before the Courts of this State, affirms under penalty of perjury:
1. I, Daniel Kohn, Esq., am attorney for Plaintiff Tatiana Moisseenkova

Dated: August 12, 2016

_____
Daniel Kohn



20160823

Washington Ave
Albany, NY 12231-0001

Return Services Requested



USPS CERTIFIED MAIL

9214 8969 0059 7935 7183 21

201608230296
NORTHLAND GROUP, INC.
7831 GLENROY RD
STE 250
EDINA MN, 55439